IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| PETTIGREW, SAMANTHA on behalf of herself and all other employees or former employees of PURALWALA, INC., similarly-situated,<br><br>**PLAINTIFFS,**<br><br>v.<br><br>PURALWALA, INC. d/b/a BAMA INN, MARK PATEL,<br><br>**DEFENDANTS.** | CASE NO. _____ |

## COMPLAINT

COMES NOW, Samantha Pettigrew, Plaintiff in the above-styled action, on behalf of herself and all other similarly-situated employees or former employees of Puralwala, Inc. d/b/a Bama Inn and/or Mark Patel, files her Complaint against Defendants Puralwala, Inc. d/b/a Bama Inn and Mark Patel, and, in support thereof, shows as follows:

### INTRODUCTION

Puralwala, Inc. d/b/a Bama Inn (hereinafter "Puralwala") is owned and operated by Mahendra "Mark" Patel (hereinafter "Patel"; Puralwala and Patel are jointly referred to as "Employer," "Purawala" and "Defendants") Puralwala employs hourly employees at the Bama Inn location within the Northern District of

Alabama. Puralwala through one or more of its supervisors, paid its employees for forty (40) hours per week via a payroll check through its accounting firm. The employees were paid the same rate for any overtime they worked. However, any overtime was paid to employees via an internal check without any employment taxes or withholdings deducted.

Paying employees only their regular hourly rate for any hour worked in a week over forty (40) reported hours worked denies employees both overtime pay and minimum wage in violation of the Fair Labor Standards Act (the "FLSA.") The fact that Defendants kept this practice from their accountants indicates both an awareness of the requirements of the FLSA and a knowledge that their practices violated same.

This Complaint seeks redress for all of Defendants' employees harmed by their knowing violation of the FLSA.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is instituted and authorized pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 (1988), including 29 U.S.C. § 216(b) ("FLSA").

2. This Court maintains subject matter jurisdiction under 28 U.S.C. § 1337 and 29 U.S.C. §2611 *et seq*.

3. Defendants conduct business in this district and division. Hence, this Court has personal jurisdiction over Defendants. Moreover, the unlawful

employment practices alleged in this complaint occurred within this district and division. Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4.  Plaintiff, Samantha Pettigrew is a female citizen of the United States, above the age of nineteen (19) years, and resident of this district and division. She is a former employee of Defendant.

5.  Other, similarly-situated employees are or were employed by Defendant Puralwala and are referred to herein as "similarly-situated employees" or "others similarly-situated."

6.  Puralwala, Inc. is an Alabama corporation and is an employer engaged in commerce pursuant to the FLSA and 29 U.S.C. § 203(s)(1)(A)(i) and (ii), and, at all times material hereto, engaged in business within the meaning of the FLSA.

7.  Mahendra "Mark" Patel is and Alabama citizen above the age of nineteen (19). He owns and operates Purawala and is personally responsible for all decisions regarding the pay of its employees.

8.  Puralwala and Patel employed Plaintiff and other similarly-situated employees within the meaning of the FLSA, is engaged in interstate commerce, and has an annual gross volume of sales meeting or exceeding the jurisdictional requirements of the FLSA.

9.  Puralwala directly and by and through its duly-authorized agents,

participated in, and continues to participate in, payroll decisions involving Plaintiff and others similarly-situated, and intentionally, knowingly, and willfully failed and continues to fail to compensate Plaintiff and others similarly-situated in accordance with the minimum wage provisions of 29 U.S.C. § 206 and the overtime provisions of 29 U.S.C. § 207.

## FACTS

10. Samantha Pettigrew began working for Puralwala in August of 2018 as a front desk receptionist.

11. In or around December 2019, Pettigrew became the front desk manager.

12. During her employment at Pettigrew had to work 80 and up to 90 hours per week, but only received a regular paycheck for the first forty (40) hours. For any hours over 40 she worked in a week, she received a separate check without employment taxes (e.g. social security, unemployment insurance, etc.), or any other taxes withheld.

13. At one point, the owner of Puralwala, Mark Patel, asked Plaintiff if he could pay her in cash.

14. The accountant for Defendants cut the regular payroll checks. The checks for hours over 40 hours per week, was done in house by one of Purawala's employees at Patel's direction.

15. Receptionists at the desk do not clock in and out, they are paid by what

is on the schedule, even if they work more.

16. Plaintiff complained to Patel over a year ago about the lack of proper pay. Nothing was done. She complained again in or around May of 2021. Nothing was ever done.

17. On or about November 12, 2021, Plaintiff could no longer handle the pressure of working so many hours without proper pay and turned in her resignation.

18. Samantha Pettigrew was employed by Defendant during portions of the years 2018 until 2021. During her employment with Defendant, Plaintiff had no actual supervisory authority. She was doing the same job as a front desk manager.

19. Plaintiff worked for Defendants for over three years. For the majority of the time Plaintiff worked for Defendant, she made 8.00 an hour and worked approximately 80 to 90 hours per week. For any hours over forty per week, she received straight time pay at a loss of $160 per week, or approximately $27,331 in lost pay.

20. Puralwala, Patel, Plaintiff, and other similarly-situated employees, regularly engage in interstate commerce.

21. Plaintiff and other, similarly-situated employees, performed and/or perform duties for Defendants and were and are subject to the provisions of the FLSA regarding the payment of overtime compensation and minimum wages.

22. During the period from in or around August 2018 to November 2021,

Defendants on numerous occasions, employed Plaintiff and others similarly-situated employees for hours worked in excess of forty (40) hours in a workweek and failed and refused to compensate them for such time worked in violation of the provisions of 29 U.S.C. §§ 206(a) and 207(a).

23. Defendants were required by law to keep and retain possession of records showing the hours worked and wages paid to Plaintiff and others similarly-situated employees.

24. Defendants were aware of the provisions of the FLSA requiring wages to be paid to Plaintiff and others similarly-situated, but deliberately or in reckless disregard of the Act willfully failed to pay wages due and lawfully owed to the Plaintiff and others similarly-situated.

25. Defendants by and through their duly-authorized agents, failed to act in good faith and had no reasonable grounds for believing that they were not violating the FLSA.

## CAUSE OF ACTION

### Violation of the Fair Labor Standards Act

26. Plaintiff realleges and incorporates by reference, paragraphs 1 through 24, as if fully stated herein.

27. By the actions and omissions described herein, Defendants violated FLSA and specifically 29 U.S.C. §§ 206(a) and 207(a) as to Plaintiff Pettigrew and

as to others similarly situated.

WHEREFORE, Plaintiff requests that judgment be entered herein against Defendants in the amount due to her as unpaid wages, liquidated damages, interest, and costs under the provisions of the Fair Labor Standards Act, that this Court will also allow reasonable attorneys' fees to be paid to Plaintiff Pettigrew, that Defendants be held liable for payment of the same, and that this Court award such other and further relief, including equitable, to which Plaintiff is entitled.

### JURY DEMAND

Plaintiff demands trial by jury on all issues triable at law.

Respectfully submitted this the 21st day of February 2022.

s/Teri Ryder Mastando
Teri Ryder Mastando (ASB-4507-E53T)
Eric J. Artrip (ASB-9673-I68E)
MASTANDO & ARTRIP, LLC
301 Washington St., Suite 302
Huntsville, Alabama 35801
Phone:   (256) 532-2222
Fax:     (256) 513-7489
teri@mastandoartrip.com
artrip@mastandoartrip.com

**DEFENDANTS TO BE SERVED:**

Puralwala, Inc.
C/O Mahendra Patel
126 Olympia Drive
Meridianville, Al 35759


Mahendra Patel
126 Olympia Drive
Meridianville, Al 35759