FILED
2022 Aug-18  AM 10:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **SAMANTHA PETTIGREW,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 5:22-cv-00225-LCB |
| | ) |
| **PURALWALA, INC. d/b/a BAMA INN,** | ) |
| **MARK PATEL,** | ) |
| | ) |
| **Defendants.** | ) |

### JOINT MOTION TO APPROVE PRO TANTO SETTLEMENT

COME NOW Plaintiff Samantha Pettigrew and Defendants Puralwala, Inc. and Mark Patel, who jointly move the Court to approve their Settlement Agreement. In support of this motion, the Parties state as follows:

### INTRODUCTION

1. This lawsuit was commenced on or about February 21, 2022 by Samantha Pettigrew against Puralwala, Inc. ("Puralwala") and Mark Patel ("Patel"). Puralwala operates a motel known as the Bama Inn at 3200 University Drive, Huntsville, Alabama 35816.

2. The amended complaint alleges Pettigrew was employed as a Front Desk Manager at the Bama Inn and that Puralwala and Patel failed to satisfy overtime obligations in violation of the FLSA.

3. Pettigrew believes that the allegations, and contentions asserted in this action have merit and that the evidence developed to date supports the cause of action asserted. Puralwala and Patel deny Pettigrew's allegations. As such, this is a highly disputed claim. However, the Parties recognize and acknowledge that the expense in time and money of litigation, the uncertainty and risk of litigation, as well as the difficulties and delays inherent in such litigation, make a settlement of this matter a mutually appealing resolution.

4. Accordingly, Pettigrew, Puralwala and Patel have entered into the Settlement Agreement set out herein below to resolve Pettigrew's claims. Pursuant to applicable Eleventh Circuit precedent, this Court is empowered to review and approve the provisions of such settlement agreements in actions brought for back wages under the FLSA. *See Lynn Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982). Because the Parties have agreed that the terms reflected in the Agreement are mutually satisfactory, and that they represent a fair and reasonable resolution of a bona fide dispute, the Parties respectfully request that the Court approve the Settlement Agreement.

5. In support of this joint request that the Court approve the Parties' Settlement Agreement, Pettigrew submits that she is satisfied that she will be reasonably compensated under the terms of the Settlement Agreement for the alleged unpaid overtime and/or back wages to which she claims to be entitled. Additionally,

Pettigrew's counsel represents that: (a) Pettigrew fully understands the Agreement; and (b) Pettigrew has consulted with her counsel of record before signing the Agreement and has entered into it knowingly and voluntarily.

WHEREFORE, the Parties respectfully request that this Court approve the Settlement Agreement as a fair and reasonable compromise of disputed issues under the FLSA.

## MEMORANDUM OF LAW

6. Employees can settle and release claims under the FLSA in two ways. First, employees can settle and waive their claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. See 29 U.S.C. § 216(c) (2008); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under the FLSA (as is the case here), an employee may settle and release FLSA claims if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353; *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (discussing propriety of allowing settlement of FLSA claims where district court has reviewed terms of settlement agreement).

7. In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

8. In the instant action, the Court should approve the Settlement Agreement to resolve Pettigrew's FLSA claims against Puralwala and Patel. The proposed Settlement Agreement arises out of an action that was adversarial in nature. The parties vigorously disputed the merits of this case, with Pettigrew contending that Puralwala and/or Patel violated Pettigrew's overtime rights as an employee. Puralwala and Patel dispute Pettigrew's contentions regarding failure to pay overtime and/or the amounts of overtime payments that might be owed to Pettigrew. During the litigation and settlement of this action, Pettigrew, Puralwala and Patel were represented by competent and experienced attorneys who are well versed in this area of the law. Pettigrew and her counsel discussed their alleged overtime

claims and formulated proposed settlement figures. The parties engaged in settlement discussions based upon their independent calculations and analysis.

9. The Parties entered into this settlement in recognition of the risks inherent in any litigation -- specifically, for Pettigrew, the risk of no recovery, and for Puralwala and Patel, the risk of a verdict against them on the merits. Because of these risks, the Settlement Agreement, which provides for significant compensation to Pettigrew, as well as a payment of attorneys' fees and costs to her counsel for prosecuting this matter, represents a fair and reasonable compromise of this matter.

10. Because the Settlement Agreement represents a fair and reasonable compromise over bona fide FLSA wage disputes and was negotiated at arms' length both before and during mediation, the Court should approve this settlement.

## **SETTLEMENT AGREEMENT**

11. Payment:  Immediately upon the Court's approval of this settlement, Puralwal will issue four checks totaling the gross amount of $28,688.25, as follows:

    a. Net check amount: $6,034.06. This check will be issued to Samantha Pettigrew for a gross payment of $9,062.75. From that gross amount, Puralwala will deduct $3,028.69 in state and federal withholdings.

    b. Net check amount: $9,052.75. This check will be issued to Samantha Pettigrew for liquidated damages and will have no withholdings.

      c.     Net check amount: $1,000.00. This check will be issued to Samantha Pettigrew as consideration for a general release and confidentiality agreement.

      d.     Net check amount: $9,562.75. This check will be issued to Mastando and Artrip as complete payment by Defendants for attorneys' fees and costs incurred by Samantha Pettigrew in this action.

The breakdown of the $28,688.25settlement amount is based upon the following:

**<u>Overtime Payment</u>**

The parties have reviewed their records evidencing: (a) changes in Plaintiff's "straight time" hourly rate between $7.50 and $9.50 per hour; (b) payments made to Plaintiff for "straight time" hours worked; (c) payments made to Plaintiff for overtime hours worked; and, (d) disputed amounts claimed for alleged unpaid overtime. The Parties have agreed that Puralwala and Patel will jointly pay Plaintiff $9,062.75 as payment for any claimed unpaid overtime. This payment will be reduced by all applicable State and Federal withholdings.

**<u>Liquidated Damages</u>**

Plaintiff contends that that she is entitled to liquidated damages under the FLSA. Puralwala and Patel deny that they are liable for liquidated damages and maintain, among other things, that they acted in good faith at all times. The Parties have agreed

that Puralwala and Patel will jointly pay Plaintiff $9,062.75 as payment for any claimed liquidated damages.

**Additional Consideration for General Release and Confidentiality**

The parties have negotiated to include a general release and a confidentiality provision as part of their settlement agreement.  As consideration for those provisions, Puralwala and Patel are willing to pay Plaintiff an additional $1,000.00.  "[I]n numerous cases, judges have approved settlement agreements where an employee receives additional consideration in exchange for concessions to the employer that go beyond release of the FLSA claim."  *Scherr v. Cooper Restaurants, Inc.*, No. 17-00338-CG-N 2018 WL 2978046 at *3 (S.D. Ala. May 8, 2018)(Granade J.)  In this case, where Pettigrew is being fully paid for all hours claimed and all fees withheld, the additional consideration supports the release and confidentiality agreement.

**Attorneys' Fees**

The Parties agreed upon a payment for attorney's fees and costs separately from Pettigrew's portion of the settlement.  Based upon that agreement, the parties agree that Puralwala and Patel will jointly pay Mastando and Artrip, L.L.C. the amount of $9,562.75 for fees and costs incurred in this litigation.

**Total Settlement Agreement:**

| Category | Amount ($) |
|---|---|
| Overtime pay | $9,062.75 (subject to state & federal withholdings) |
| Liquidated damages | $9,062.75 |
| Additional consideration for general release and confidentiality | $1,000.00 |
| GROSS amount paid to Pettigrew | **$19,125.50** |
| | |
| Attorney's fees and costs | $9,562.75 |
| | |
| TOTAL | **$28,688.25** |

12. <u>Waiver and Release:</u>    Pettigrew, Puralwala and Patel hereby knowingly and voluntarily release, acquit, and discharge one another from any and all claims that relate or originate in any way from their former employee/employer relationship, including specifically but not exclusively and any and all claims or potential claims arising from the conduct alleged or referenced by any party in the record of the above-referenced action. Absent a court order, no party to this Agreement shall ever participate in any litigation against another, whether as a party, consultant, witness, or member of a certified class.

13. <u>Dismissal</u>: Pettigrew, Puralwala and Patel ask that this Court dismiss all claims by Pettigrew against Puralwala and/or Patel, with prejudice.

14. <u>No Admission of Liability or Lack of Merit:</u>   Pettigrew, Puralwala and Patel each understand and agree that this Agreement is only intended to compromise and settle their respective claims and defenses, and shall not be construed as evidence of any fact at issue in this action, or any fact recited herein, other that as evidence of the existence of the Agreement itself. This Agreement is not intended to constitute and shall not be construed as constituting either an admission of the merit of any claim or defense made by any party or in either of the above referenced actions. Likewise, this Settlement Agreement is not an admission of fault, wrongdoing, or liability by any party.

15. <u>Assignment:</u> Pettigrew, Puralwala and Patel each warrant that they have not previously assigned or transferred any part of a claim released herein. If any such assignment or transfer has occurred, the assigning or transferring party shall defend, indemnify and hold harmless the other parties to this Agreement from and against any claim based on or arising out of any such assignment or transfer.

16. <u>Merger:</u>   Other than as set forth expressly in this Agreement, Pettigrew, Puralwala and Patel agree that no other party, or any agent or attorney of any party, has made any promise, representation or warranty whatsoever express or implied not contained herein concerning the subject matter hereof to induce it to execute this document and each party acknowledges that it has not executed this document in reliance on any such promise, representation, or agreement herein,

whether expressed or implied is intended or to be construed to confer any rights or remedies whatsoever, except as expressly provided in this Agreement. This written Settlement Agreement contains the entire understanding between Pettigrew, Puralwala and Patel in consideration with the issues recited herein, and the written terms of this Agreement shall supersede and replace all prior negotiations, agreements, or representations, whether oral or written. No modification or subsequent agreement altering the scope of the written terms of this Agreement shall be valid unless made in writing signed by Pettigrew, Puralwala and Patel.

17. Choice of Law: This Agreement shall be construed in accordance with the laws of the State of Alabama.

18. Attorneys' Fees: In the event of any breach or dispute concerning this Agreement or the enforcement of any of its terms, Pettigrew, Patel and Puralwala agree that the breaching party shall pay all of the costs incurred by virtue of the breach, dispute, or enforcement including specifically but not exclusively the non-breaching party's (or prevailing party's) attorneys' fees.

19. Waiver of *Contra Proferentum*: The terms of this Agreement have been reviewed by the Parties, and their respective counsel and have been freely negotiated at arm's length. The Parties hereby acknowledge that the terms of this Agreement do not contain any patent or latent ambiguity. The Parties and their

respective counsel being of equivalent degrees of sophistication, this Agreement shall be construed as if all Parties jointly prepared it.

20. <u>Capacity</u>:  Each of the individuals signing this Agreement including those signing in a representative capacity warrant that they have due capacity to execute the same and agree to indemnify and hold all other parties completely harmless for any lack of due capacity or authority.

21. <u>Partial Invalidity</u>:  Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid the validity of the remaining parts, terms, or provisions shall not be affected thereby and any illegal or invalid part, term, or provision shall not be deemed to be a part of this Agreement.

WHEREFORE, the premises considered, the parties jointly and respectfully request that this Court approve the Settlement Agreement of the parties, which represents a reasonable compromise of a bona fide dispute under the FLSA.   Upon approval, the parties move the court to dismiss this action with prejudice.

Respectfully submitted this the 18th day of August, 2022.

    *s/Robert C. Lockwood*
Robert C. Lockwood
Attorney for the Defendants
**Wilmer & Lee, P.A.**
100 Washington Street, Suite 100
Huntsville, AL 35801
Tel:   (256) 533-0202
rlockwood@wilmerlee.com

*s/Teri Ryder Mastando*
Teri Ryder Mastando (ASB-4507-E53T)
MASTANDO & ARTRIP, LLC
301 Washington St., Suite 302
Huntsville, Alabama 35801
Phone: (256) 532-2222
teri@mastandoartrip.com