FILED
2022 Aug-18 AM 10:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

## SETTLEMENT AGREEMENT
## AND GENERAL RELEASE

To avoid the burden, delay and expense of litigation, Samantha Pettigrew ("Pettigrew"), Puralwala, Inc. ("Puralwala") and Mark Patel ("Patel") ("Pettigrew" "Puralwala" and "Patel" sometimes collectively referred to herein as the "Parties") hereby enter into the following Settlement Agreement and General Release ("Settlement Agreement"):

1. Pettigrew generally, fully and completely releases and forever discharges Puralwala, Patel and their affiliated and related companies, corporations, current and former officers, employees, members, directors, agents, representatives, insurers, successors, assigns, attorneys, and any and all persons or entities acting through, on behalf of, or in concert with any of them (collectively referred to as "the Released Parties"), from any and all claims that Pettigrew has now or may have in the future against the Released Parties arising out of, relating to, or resulting from any act, event or thing occurring or failing to occur from the dawn of time up to the date Pettigrew executes this Settlement Agreement. The claims released by Pettigrew include but are not limited to any and all known or unknown causes of action, grievances, lawsuits, charges, or complaints before any and all federal, state or local governmental entities.

2. Without limiting the generality of the prior paragraph, this Settlement

1

Agreement specifically includes a release of (a) all claims arising from or related to Pettigrew's employment with the Released Parties; (b) all claims whether legal or equitable, whether arising in contract or tort or arising from any alleged violation of any federal, state or local law, including but not limited to claims arising under the Fair Labor Standards Act; and, (c) any claim for attorneys' fees arising under any applicable law. Pettigrew specifically acknowledges that with the payments recited in Paragraph 13, below, she and her attorneys have been paid all sums due under her Fair Labor Standards Act claims. Absent a court order, no party to this Agreement shall ever participate in any litigation against another, whether as a party, consultant, witness, or member of a certified class.

3. Without limiting the generality of the release in paragraphs 1 and 2, this Settlement Agreement specifically includes a release of any and all claims that have been or could have been asserted against the Released Parties in the lawsuit filed in the United States District Court for the Northern District of Alabama, Northeastern Division, Civil Action No: 5:22-cv-00225-LCB (the "Lawsuit"). Immediately following the execution of this Settlement Agreement, an attorney for Pettigrew and an attorney for Puralwala and Patel shall seek Court approval of this Settlement Agreement dismissing the claims of all Plaintiffs against the Released Parties in the Lawsuit with prejudice, each party to bear that party's own costs and attorney's fees.

4. Pettigrew hereby warrants and represents that she has no claims or causes of action against any of the Released Parties cited in paragraph 1, above, that she has not already asserted against any of the Released Parties or which are not released in Paragraphs 1-3, above. Pettigrew and her attorney acknowledge that this warranty and representation are a material inducement to the Released Parties in entering into the Settlement Agreement.

5. Pettigrew knowingly and voluntarily is waiving and generally releasing all rights or claims as stated above, known or unknown that she has or might have against the Released Parties. Pettigrew further represents and warrants that she has read and understands this Settlement Agreement, that she is waiving rights and claims in exchange for consideration in addition to anything of value to which she is already entitled, that Pettigrew is advised in writing to consult with an attorney before executing this Settlement Agreement, that she has been given a reasonable period of time within which to consider this Settlement Agreement.

6. Neither this negotiation nor the execution of this Settlement Agreement shall constitute, operate, or be construed as an acknowledgment or admission of any kind either that any of the Released Parties have violated any federal, state or local law or any right grounded in common law, tort, contract or public policy. The Released Parties specifically disclaim any liability to Pettigrew or any other person. Pettigrew and her attorneys specifically agree not to state, suggest or imply to the

contrary to any person or entity.

7. The Parties agree that all provisions of this Agreement shall be held in the strictest confidence and shall not be subject to disclosure. Pettigrew covenants and agrees that she will keep the terms contained in this Agreement and fact of the Agreement completely confidential, and that she will not hereafter disclose any information concerning this Agreement to any person other than her present attorneys, accountants, or tax advisors. Upon inquiry, the Parties may disclose that this matter was resolved to the mutual satisfaction of the Parties. Pettigrew hereby represents, and Puralwala and Patel specifically rely upon this representation, that none of the terms and conditions of this settlement have been disclosed to any third party. The Parties acknowledge that disclosures which are required by law or by order of a court of competent jurisdiction will not constitute violations of this Agreement.

8. Employees can settle and release claims under the FLSA in two ways. First, employees can settle and waive their claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. See 29 U.S.C. § 216(c) (2008); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under the FLSA (as is the case here), an employee may settle and release FLSA claims if the parties present the district court with a

proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353; *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (discussing propriety of allowing settlement of FLSA claims where district court has reviewed terms of settlement agreement).

9. In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

10. In the instant action, the Court should approve the Parties' Settlement Agreement to resolve Pettigrew's FLSA claims against Puralwala and Patel. The proposed Settlement Agreement arises out of an action that was adversarial in nature. The parties vigorously disputed the merits of this case, with Pettigrew contending that Puralwala and/or Patel violated Pettigrew's rights to overtime payments under

5

the FLSA and Puralwala and Patel disputing those allegations. During the litigation and settlement negotiations of this action, Pettigrew, Puralwala and Patel were each represented by competent and experienced attorneys who are well versed in this area of the law. Pettigrew and her counsel discussed her alleged overtime claims and formulated proposed settlement figures. The parties then engaged in settlement discussions based upon their independent calculations and analysis.

11. The parties entered into this settlement in recognition of the risks inherent in any litigation -- specifically, for Pettigrew, the risk of no recovery, and for the Puralwala and Patel, the risk of a verdict against it on the merits. Because of these risks, the Settlement Agreement, as well as a payment of attorney's fees and costs to Pettigrew's counsel for prosecuting this matter, represents a fair and reasonable compromise of this matter.

12. Because the Settlement Agreement represents a fair and reasonable compromise over bona fide FLSA wage/overtime disputes and was negotiated at arms' length, the Parties respectfully contend that the Court should approve this settlement.

13. Puralwala or Patel will pay Pettigrew and her attorneys the total amount of $28,688.25 within _____ calendar days of the court's approval of this agreement and following Pettigrew's execution of this Settlement Agreement. The payment to Pettigrew and her attorneys, is broken down as follows:

| | | |
|---|---|---|
| a. | Unpaid Overtime | $9,062.75 |
| b. | Liquidated damages | $9,062.75 |
| d. | Additional consideration for general release/confidentiality | $1,000.00 |
| e. | Attorneys' Fees | $9,562.75 |

Pettigrew agrees to indemnify and hold harmless Puralwala and/or Patel from all fees and/or fines arising from any tax liability of Puralwala or Patel arising out of or related to this settlement. Pettigrew acknowledges and agrees that Puralwala will withhold all applicable state and federal withholdings from the payment of $9,062.75 for unpaid overtime referenced above. Puralwala will issue a separate check to Mastando & Artrip in the amount of $9,562.75 for payment of attorneys' fees referenced above. The parties agree that Pettigrew's attorneys will not assert any further claim for attorneys' fees.

14. Pettigrew acknowledges that the amounts paid pursuant to this Settlement Agreement shall be a settlement of all claims or potential claims for back wages, liquidated damages and attorney's fees.

15. Pettigrew represents that she is competent to sign this Settlement Agreement and has the authority to do so. Pettigrew further declares and acknowledges that no representation made by any of the Released Parties, or by anyone on behalf of the Released Parties, concerning the validity or merit of any

claim has induced her to sign this Settlement Agreement, and that Pettigrew is voluntarily acting upon her own best judgment, belief and knowledge of the nature and validity of any and all claims or potential claims, with the advice of her attorney of choice.

16. Pettigrew further represents and warrants that she has not heretofore assigned to any other person or entity all or any portion of any claim whatsoever that she may have or may have had or may have in the future against the Released Parties. Pettigrew further agrees that her heirs, administrators, executors, successors and assigns shall be fully bound by each and every provision of this Settlement Agreement, just as she is bound. Pettigrew also agrees that each and every provision of this Settlement Agreement inures to the benefit of the Released Parties and their heirs, legatees, administrators, executors, predecessors, successors and assigns.

17. The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against Pettigrew. This Settlement Agreement shall be deemed to have been drafted jointly by Pettigrew and the Released Parties.

18. This Settlement Agreement sets forth the entire agreement and fully supersedes any and all prior agreements or understandings between Pettigrew and the Released Parties.

19. The provisions and obligations of this Settlement Agreement are

severable and divisible. In the event any provision, any obligation, or any consideration of the Settlement Agreement is determined to be illegal or unenforceable, the remainder of the Settlement Agreement shall be enforceable.

20. This Settlement Agreement may be signed in counterparts with each of the counterparts to be considered as original.

21. This Agreement shall be governed by and construed in accordance with the laws of the State of Alabama, without regard to principles governing conflicts of laws.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

**(signature page follows)**

PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT INCLUDES A RELEASE OF CLAIMS THAT SAMANTHA PETTIGREW HAS OR MAY HAVE. SAMANTHA PETTIGREW HAS CONSULTED AN ATTORNEY BEFORE SIGNING BELOW.

Date: 8/9/22

_____
Samantha Pettigrew


Puralwala, Inc.
Defendant

By: _Mahendra Patel_
Its: _Patel [illegible]_


Mark Patel

_____
Mark Patel, Defendant