# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **SAMANTHA PETTIGREW,** *on behalf of herself and all other employees or former employees of Puralwala, Inc., similarly situated*, | |
| Plaintiffs, | No.: 5:22-cv-0225-LCB |
| vs. | |
| **PURALWALA, INC.,** *et al.*, | |
| Defendants. | |

## ORDER APPROVING SETTLEMENT AGREEMENT

Samantha Pettigrew[1] filed this lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, alleging that the defendants failed to properly pay overtime wages. (Doc. 1). After conducting some discovery and engaging in settlement discussions, the parties submitted a joint motion to approve their settlement agreement (Doc. 7) along with a copy of the agreement. The settlement agreement (Doc. 7-1) resolves the parties' disputes regarding the plaintiff's claims and provides for liquidated damages, attorneys' fees, and costs. The agreement also reflects that, in exchange for additional compensation, the plaintiff agreed to a general release and a confidentiality provision.

---

[1] No other plaintiffs opted into this proceeding.

There are two ways for a claim under the FLSA to be settled or compromised. *Lynn's Food Stores, Inv. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); 29 U.S.C. § 216(b).  The first is under 29 U.S.C. 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353; 29 U.S.C. 216(c).  This method is not at issue in this action.  The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Lynn's Food Stores*, 679 F.3d at 1353.  When the employees file suit, the proposed settlement must be presented to the district court for review and determination that the settlement is a "fair and reasonable resolution of a bona fide dispute." *Id.* at 1355.  In doing so, the Court considers, among other things, whether plaintiffs are represented by counsel and whether the settlement reflects a reasonable compromise over issues that are actually in dispute. *Id*. at 1354.  Here, both parties are represented by counsel.  While the defendants deny liability, they have stated, through counsel, that they wish to enter into this settlement in light of the time, expense, and uncertainty of further litigation.

The Court has reviewed the relevant filings in this action and determines that the settlement agreement (Doc. 7-1), which includes amounts for the alleged underpayment of wages, liquidated damages, attorneys' fees and costs, is a fair and reasonable disposition of all claims and defenses in this action.  The Court also notes that, while confidentiality provisions are generally disfavored in FLSA cases, courts

in this circuit have allowed such provisions when, as here, the plaintiff receives additional consideration in exchange for concessions to the employer that go beyond the release of the FLSA claim.  *See Scherr v. Cooper Restaurants, Inc.*, No. CV 17-00338-CG-N, 2018 WL 2978046, at *3 (S.D. Ala. May 7, 2018)(collecting cases).

Accordingly,

**IT IS ORDERED** that the joint motion to approve settlement agreement (Doc. 7) is **GRANTED**.  The Court **APPROVES** the settlement agreement (Doc. 7-1).  An order of dismissal will be entered separately.

**DONE** and **ORDERED** August 22, 2022.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE